IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS LEE MORRISON,

     Plaintiff,                        No. CIV S-06-2557 FCD EFB P

     vs.

THOMAS CAREY, et al.,

     Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He proceeds on his February 22, 2008, amended complaint against defendants Lozano, Ballesteros, Carey, Hill and Sandy. On September 12, 2008, Ballesteros and Carey moved to dismiss this action on the grounds that plaintiff failed to state a claim upon which relief can be granted and that plaintiff failed to exhaust administrative remedies as to his claim against Carey. *See* Fed. R. Civ. P. 12(b)(6); *Wyatt v. Terhune*, 305 F.3d 1035, 1044 (9th Cir. 2002). Plaintiff opposed the motion on September 23, 2008. For the reasons stated below, the court finds that defendants' motion must be denied to the extent defendants argue plaintiff failed to exhaust, but granted on the ground that plaintiff failed to state a claim upon which relief can be granted.

////

## I. Alleged Facts

Plaintiff alleges that Carey, Warden of California State Prison, Solano, failed to properly instruct his staff, causing plaintiff to be exposed to second-hand smoke and resulting in a heart attack and triple bypass surgery. Am. Compl. ("Compl.") at 2. Specifically, plaintiff alleges that on March 15, 2005, Sandy forced plaintiff to be housed with a chain smoker despite medical records documenting plaintiff's life-threatening allergy to nicotine, condition of high blood pressure, and need to be housed free of tobacco and smoke. *Id.* Additionally, despite plaintiff's requests, Hill purportedly refused to separate plaintiff from his chain smoking cellmate. *Id.* at 3. Plaintiff alleges Sandy showed further disregard for his medical condition by ordering that he be placed in administrative segregation and charging him with attempted murder after he attempted to get "rid[] . . . [of] the life threatening situation" himself. *Id.* at 2.

Next, plaintiff alleges that on March 22, 2005, Ballesteros entered into plaintiff's prison file information that was unauthorized and false and which was later used to find plaintiff guilty of attempted murder. *Id.* at 3. Plaintiff also asserts that Ballesteros classified an inmate witness as a "reliable source", thereby allegedly rendering this witness inaccessible for cross examination by plaintiff. *Id.*

On May 23, 2005, Lozano found plaintiff guilty of attempted murder and sentenced plaintiff to 15 months in the Security Housing Unit at Corcoran State Prison. *Id.* Plaintiff alleges that Lozano precluded plaintiff from presenting his requested staff witness, confronting his accuser, and cross-examining the inmate witness. *Id.* at 4.

## II. Failure to Exhaust Administrative Remedies

Defendants argue that Carey is entitled to dismissal because plaintiff failed to exhaust available administrative remedies. Defs.' P. & A. in Supp. of Mot. to Dism. ("Defs.' P. & A.") at 9. Defendants concede that plaintiff "has exhausted [] his claims that he did not receive due process during the rules violation hearing and that he was wrongfully housed in a cell with a chronic smoker despite having a documented medical condition requiring that he be housed free

of tobacco and its smoke." *Id.* at 8.  However, they contend that "[p]laintiff has not filed any appeal that could even potentially put the prison on notice that he has claims against Warden Carey for insufficient supervision," and therefore, has not exhausted the inmate appeals process as to his claim against Carey.  *Id.* at 8-9.  In support of their contentions, they submit the declarations of N. Grannis, the Chief at the Inmate Appeals Branch, and S. Cervantes, the Appeals Coordinator at California State Prison, Solano.

### A.     Legal Standards

The Prison Litigation Reform Act of 1995 ("PLRA") provides that  "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This requirement is mandatory and unequivocal.  *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not.  The actual statute makes exhaustion a precondition to *suit*." (citation omitted)).  A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court.  *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006).  Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust.  *Id.* at 1051; *McKinney*, 311 F.3d 1198.

The failure to exhaust nonjudicial administrative remedies as required by § 1997e(a) is not jurisdictional.  *Wyatt*, 315 F.3d at 1117 n.9 (9th Cir. 2003).  Nor does § 1997e(a) require a plaintiff to plead exhaustion.  *Id.* at 1119.  Rather, "§ 1997e(a) creates a defense – defendants have the burden of raising and proving the absence of exhaustion."  *Id.*  The Ninth Circuit determined in *Wyatt* that because the defense of failure to exhaust "is not on the merits" and

////

summary judgment "is on the merits," the defense should be treated as a matter in abatement[1] to be resolved pursuant to a motion made under "unenumerated Rule 12(b)." *Id.* The Circuit stated that "[i]n deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1119-20.  However, in doing so, care must be taken to heed the safeguards under Rule 56 to determine whether a genuine issue of fact warrants the resolution of a witness' or witnesses' credibility over material disputes through live testimony so that credibility is not determined on paper.

The United States Supreme Court expressly stated in *Jones v. Bock*, 549 U.S. 199, 216 (2007), that failure to exhaust under the PLRA is an affirmative defense.  If the affirmative defense can be decided on the pleadings alone, a motion under Rule 12(b)(6) is appropriate.  *Id.* at 215.  The Court analogized to a motion to dismiss based on a statute limitations defense and stated:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.  If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc.

---

[1] A "matter in abatement" is "the suspension or defeat of an action for a reason unrelated to the merits of the claim." *Andrews v. King*, 398 F.3d 1113, 1118 (9th Cir. 2005).  It has its roots in the common-law "plea in abatement," abolished by Fed. R. Civ. P. 7(c).  Rule 7 "unceremoniously abolishes a great deal of ancient procedural dogma that has little place in a streamlined litigation system," Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*: Civil 3d § 1181, including pleas in abatement.  *Black's Law Dictionary* 4 (6th ed. 1990).  The "plea in abatement" is an archaic common law "plea which, without disputing merits of plaintiff's claim, objects to place, mode or time of asserting it.  It allows plaintiff to renew suit in another place or form, or at another time, and does not assume to answer an action on its merits, or deny existence of a particular cause of action on which plaintiff relies." *Black's Law Dictionary* 1151 (6th ed. 1990).  The Advisory Committee Notes to Rule 7(c) state that all statutes using the word "plea" are "modified in form by this rule."  Thus, for example, the Revision Notes to 28 U.S.C. § 2105 (West 2006), which prohibits reversal of a District Court's ruling on non-jurisdictional "matters in abatement" in the Supreme Court and Circuit Courts of Appeals states, "Rule7(c) of the Federal Rules of Civil Procedure abolished all pleas, and the rules adopted the motion as a substitute therefor.  The words 'matters in abatement' were, therefore substituted for the abolished 'plea in abatement' and 'plea to the jurisdiction.'" Modernly, a party makes a motion under Rule 12 or Rule 41, as appropriate, instead of making a plea in abatement.  *See Black's Law Dictionary* 4, 1151-1152 (6th ed. 1990) ("abatement of action," and "plea in abatement").

> 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Id.*

But, affirmative defenses which require the presentation of evidence outside the pleadings (including failure to exhaust as required by 42 U.S.C. § 1997e(a)) are properly considered on summary judgment, with genuine disputes over facts material to the outcome of the motion reserved for either an evidentiary hearing or trial.[2] Fed. R. Civ. P. 12(d) (where a party presents affidavits or other matters outside the pleadings in support of its motion, the court must treat the motion "as one for summary judgment under Rule 56"), 56(b); *Panero v. City of North Las Vegas*, 432 F.3d 949, 952 (9th Cir. 2005).[3] The Court in *Jones* made clear that, "beyond the departures specified by the PLRA itself," nothing in the PLRA suggests that usual procedural practices should not be followed and noted that departures from the usual procedural

---

[2] As discussed above, the reasoning in *Wyatt* for adhering to Rule 12(b) appears to have been that frequently motions for summary judgment frequently seek judgment "on the merits" of the substantive claims and a motion asserting a failure to exhaust is independent of the substantive claims before the court. *Wyatt*, 315 F.3d at 1119. But, motions for summary judgment also challenge whether there is a genuine dispute over a material fact that is unrelated to the substantive allegations of a claim. The most common example is that noted in *Jones*, i.e. that the statute of limitations had expired. A motion asserting an affirmative defense, even when it does not address the merits of the substantive claims, should be addressed under Rule 56 if the motion relies upon matters extrinsic to the complaint to establish the factual predicate for the defense. Motions challenging exhaustion of administrative remedies frequently rely on declarations and exhibits that are extrinsic to the complaint.

[3] Several other Circuits have applied summary judgment principles when the defense of failure to exhaust cannot be decided on the pleadings. *See Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (addressing exhaustion at summary judgment); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (reversing grant of summary judgment on exhaustion and remanding for further proceedings); *Hinojosa v. Johnson*, 277 Fed. Appx. 370, 379-80 (5th Cir. May 1, 2008) (addressing exhaustion at summary judgment); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001) (reviewing evidence elicited at trial as to whether prisoner exhausted available remedies); *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) (addressing exhaustion at summary judgment); *but see Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008) (finding that PLRA exhaustion should be treated as a matter in abatement and should be decided on a Rule 12(b) motion, even when factual disputes exist); *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) (rejecting the summary judgment and the Rule 12(b) approaches to PLRA exhaustion and instead determining that once a PLRA exhaustion defense is raised, a special evidentiary hearing should be held to address that defense before litigation on the merits proceeds).

5

requirements are to be expressly made by Congress. *Jones*, 549 U.S. at 212, 214-16. In this regard, the Ninth Circuit recognized in *Wyatt* that when the district court looks beyond the pleadings to a factual record (a not uncommon occurrence in deciding an exhaustion motion), the court must do so under "a procedure closely analogous to summary judgment." *Wyatt*, 315 F.3d at 1120, n.14.

Adherence to a procedure analogous to summary judgment is for sound reason. Whether a motion may be raised under Rule 12 or Rule 56 is not determined by whether the defense asserted in the motion goes to the "merits" of the claim, but whether the predicate facts for the motion are established by the complaint and its attachments (or other documentation subject to judicial notice) or whether the motion relies on evidence extrinsic to the complaint to establish any predicate fact. Moreover, where any predicate fact is the subject of a genuine dispute--and the fact is material to the outcome of the motion–Rule 56 counsels against resolving conflicting accounts of the disputed fact on the basis of declarations. Rather, the witnesses conflicting accounts must be presented and resolved through live testimony. Thus, whether judgment is sought on the merits of the plaintiff's factual allegations in his claim(s), or whether the motion seeks to bar consideration of the merits based on a technical ground that precludes reaching the merits (i.e., exhaustion, issue or claim preclusion, a statute of limitations, etc.), the determining factor is whether the factual predicate for the motion is based on the text of the pleading or instead depends upon extrinsic evidence submitted with the motion. *See Jones*, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.").

Here, defendants' motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Notwithstanding the analysis above, the court recognizes that Wyatt is controlling in these circumstances and that the instant motion is properly construed as an unenumerated Rule 12(b) motion to dismiss. Accordingly, the court analyzes the motion, as *Wyatt* suggests, under a standard "closely

analogous to summary judgment." 315 F.3d at 1120, n.14. If, under that standard, the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.* at 1119-20.

On June 11, 2008, the court advised plaintiff of the requirements for opposing a motion to dismiss for failure to exhaust available administrative remedies as well as a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988); *Wyatt,* 315 F.3d at 1120, n.14.

**B.     Exhaustion Under California Law**

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id*. at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id*. at § 3084.5. A division head reviews appeals on the first formal level, *see id.* at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See id*. at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id*. at § 3084.1(a).

**C.     Analysis**

Plaintiff alleges that Carey "failed to properly instruct his staff," with respect to "established regulations for the safe housing of inmates, based on their medical needs." Compl. at 2. Defendants concede that plaintiff exhausted his due process claims as well as his claims that he was wrongfully housed in a cell with a chronic smoker. Defs.' P. & A. at 8. However, defendants contend that plaintiff did not exhaust his claim against Carey. *Id.* at 9.

////

7

1    Defendants submit evidence that following the March 15, 2005 incident, plaintiff filed an
2 appeal, which was exhausted through the third level of review, and contained allegations that
3 plaintiff was denied due process during the rules violation hearing.  Defs.' Mot. to Dism.,
4 Cervantes Decl. ¶ 7, Grannis Decl., Ex. A at unnumbered pages 7-9.   This appeal further alleged
5 that plaintiff was wrongfully housed in a cell with a chronic smoker despite having a
6 documented medical condition requiring that he be housed free of tobacco and its smoke.  *Id.*
7 Grannis Decl., Ex. A at unnumbered page 9.
8    To exhaust administrative remedies, a grievance must alert the prison to the nature of the
9 wrong for which redress is sought.  *Griffin v. Arpaio*, 557 F.3d 1117, 2009 U.S. App. LEXIS
10 4818, at *6 (9th Cir. Mar. 5, 2009).  This standard "advances the primary purpose of a grievance:
11 to notify the prison of a problem."  *Id.* at 7; *see also Jensen v. Knowles*, 2008 U.S. Dist. LEXIS
12 102378, at *13 (E.D. Cal. Dec. 8, 2008) ("[T]he administrative grievance system is less about
13 future litigation and more about reaching an internal and speedy resolution of the prisoner's
14 problem.").
15    When notifying the prison of his unsatisfactory housing assignment, plaintiff was not
16 required to allege that the problem resulted from a failure to train or supervise.  *See Griffin*, 2009
17 U.S. App. LEXIS at *7 ("A grievance need not include legal terminology or legal theories unless
18 they are in some way needed to provide notice of the harm being grieved.  A grievance also need
19 not contain every fact necessary to prove each element of an eventual legal claim. The primary
20 purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay
21 groundwork for litigation.").  Plaintiff's appeal, complaining that he was wrongfully housed in a
22 cell with a chronic smoker despite having a documented medical condition, was sufficient for
23 purposes of exhausting his claim against Carey.  Thus, the motion to dismiss plaintiff's claim
24 against Carey  for failure to exhaust must be denied.
25 ////
26 ////

### III. Failure to State A Claim

Defendants also move to dismiss on the grounds that plaintiff cannot state a claim against Carey because Carey did not personally cause an injury, and that plaintiff cannot state a state law fraud claim against Ballesteros because plaintiff failed to comply with California's Tort Claims Act ("CTCA"). Defs.' P. & A. at 2.

#### A. Legal Standards

On a motion to dismiss, the court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The complaint's factual allegations are accepted as true. *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984). The court may, without converting a motion to dismiss into a motion for summary judgment, consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *U.S. v. Ritchie*, 342 F. 3d 903, 907-908 (9th Cir. 2003). The court may also consider facts which may be judicially noticed, *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986).

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "'The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action.'" *Id.*, quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004) (internal punctuation omitted). Rather, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Weber v. Department of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting *Bell*, at 127

9

S.Ct. at 1974). Factually unsupported claims framed as legal conclusions, and mere recitations of the legal elements of a claim, do not give rise to a cognizable claim for relief. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951 (May 18, 2009) (citing *Twombly*, 550 U.S. at 555).

The court is mindful of plaintiff's *pro se* status. *Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a *pro se* litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). However, although the court has an obligation to construe the pleadings of a *pro se* litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*), the court's liberal interpretation of a *pro se* complaint may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

**B.   Analysis**

**1. Carey**

Defendants contend that the court should dismiss plaintiff's "failure to instruct" claim against Carey because plaintiff has failed to state a claim upon which relief can be granted.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act

which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under § 1983."). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them. *Id.* When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).

Here, plaintiff has failed to allege direct participation in constitutional violations by Carey. Rather, plaintiff merely alleges that Carey "failed to properly instruct his staff" and enforce regulations pertaining to the safe housing of inmates. Compl. at 2. It appears that plaintiff is seeking to impose liability under the doctrine of *respondeat superior*, that is, because Carey is a supervisor, he is responsible for the actions or omissions of his employees. However, as noted above, *respondeat superior* liability is not a basis for recovery in a section 1983 action. Plaintiff must allege an actual connection or link between the actions of Carey and the alleged violation of plaintiff's constitutional rights. Thus, plaintiff's claim against Carey must be dismissed without prejudice.

### 2. Ballesteros

Defendants argue that the court should dismiss plaintiff's fraud claim against Ballesteros because plaintiff failed to comply with the claims filing requirement under the CTCA.

1       Under the CTCA, no suit for damages may be brought against a public entity until a
2 written claim has been presented and rejected. Cal. Gov't Code § 945.4.  Compliance with
3 California's claim filing statute is an element of a cause of action against the state.  *United States*
4 *v. California*, 655 F.2d 914, 918 (9th Cir. 1980).  Further, a plaintiff is required to allege facts in
5 his complaint sufficient to demonstrate or excuse compliance with the claim presentation
6 requirement as a condition precedent to the maintenance of an action.  *See Mangold v. Cal. Pub.*
7 *Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *California v. Super. Ct.*, 32 Cal.4th 1234,
8 1240-41 (2004).  Here, plaintiff does not provide any facts establishing whether he filed a claim
9 or whether his claim was subsequently rejected.  Thus, plaintiff failed to comply with the CTCA
10 and his state fraud claim should be dismissed.  *See California*, 32 Cal.4th at 1245.

11 **IV.    Conclusion**

12      For all of the above reasons, the court finds that defendants' motion to dismiss on the
13 ground that plaintiff failed to exhaust as to Carey should be denied, but that defendants' motion
14 to dismiss on the grounds that plaintiff failed to state a claim against Carey and failed to state a
15 fraud claim against defendant Ballesteros, should be granted.

16      Accordingly, it is hereby RECOMMENDED that:

17      1. Defendants' motion to dismiss be denied to the extent defendants argue plaintiff failed
18 to exhaust, but granted on the ground that plaintiff failed to state a claim upon which relief can
19 be granted;

20      2. Defendant Carey be dismissed from this action without prejudice; and,

21      3. Plaintiff's fraud claim against defendant Ballesteros be dismissed without prejudice.

22      These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days
24 after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

1  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3  Dated: September 24, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE