IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS LEE MORRISON,

       Plaintiff,                       No. CIV S-06-2557 FCD EFB P

     vs.

THOMAS CAREY, et al.,

       Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

     Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He proceeds on his February 22, 2008 amended complaint against defendants Ballesteros, Lozano, Hill and Sandy.[1] Dckt. No. 13. Plaintiff alleges defendants Hill and Sandy were deliberately indifferent to his medical needs by housing him in the same cell as a chain-smoker. Plaintiff also alleges defendants Lozano and Ballesteros denied him due process in related disciplinary proceedings, which resulted in a determination that plaintiff was guilty of attempting to murder his allegedly chain-smoking cellmate.

////

---

[1] Plaintiff also named Carey as a defendant. However, the court dismissed defendant Carey without prejudice on December 15, 2009. Dckt. No. 50. The court also dismissed plaintiff's state law fraud claim against Ballesteros. *Id.*

1

Currently before the court is defendants Lozano, Hill and Sandy's motion for summary judgment. Dckt. No. 54. As discussed below, the court finds there is no evidence that could support a verdict that plaintiff was injured by Hill and Sandy's alleged indifference, nor is there evidence that Lozano deprived plaintiff of due process. The undersigned therefore recommends that the motion for summary judgment be granted. The court also finds, *sua sponte*, that plaintiff's due process claim against Ballesteros must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted. Accordingly, the undersigned recommends that judgment be entered in defendants' favor, and that this case be closed.

**I.     Summary Judgment Procedure**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and [ ] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushit*a, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the

2

record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex v. Cattret*, 477 U.S. 317, 323-24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). *Id*. at 324. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit

under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law, *id.*, which here involves the question of whether the defendants were deliberately indifferent to a serious medical need of plaintiff by housing him with a smoker or violated his due process rights in a disciplinary matter for assaulting the cell mate. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See Anderson*, 477 U.S. at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material

4

facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand,"[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). If the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. at 323. Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

On June 11, 2008, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

**II.  Facts**

Unless otherwise noted, the following facts are not disputed by the parties or following the court's review of the evidence submitted, have been determined to be undisputed.

Plaintiff is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Defs.' Mot. for Summ. J. ("Defs.' MSJ"), Stmt. of Undisp. Facts in Supp. Thereof ("SUF") 1.[2] In March 2005, smoking was prohibited at California State Prison,

---

[2] In his unsworn opposition to the motion for summary judgment, plaintiff states he disputes each of the statements in defendants' statement of undisputed facts. Pl.'s Opp'n to Defs.' MSJ ("Opp'n") ¶ 3. However, plaintiff failed to properly admit or deny defendants'

Solano. SUF 12. At all times relevant, plaintiff was housed at Solano, where defendants Sandy and Lozano were employed as Lieutenants and defendant Hill was assigned as a Correctional Officer. SUF 2-5. Sandy was responsible for cell moves when an inmate was being moved to administrative segregation, but was not responsible for "mainline" cell assignments. SUF 13.

On March 14, 2005, around noon, inmate Winston was placed in the same cell as plaintiff. SUF 7. Plaintiff alleges Winston was a chain-smoker and that Sandy forced them to share a cell. Am. Compl. ("Compl."), ¶ 2. Plaintiff also alleges he needed to be housed in an environment free of tobacco and smoke because of his high blood pressure and a life-threatening allergy to nicotine. *Id.* Plaintiff informed various correctional officers, including defendant Hill, that he wanted a cell change or Winston removed from his cell. Defs.' MSJ, Mem. of P. & A. in Supp. Thereof ("Defs.' P. & A.") at 2.[3]

On March 15, 2005, plaintiff again complained to Hill about his cellmate Winston. *Id.* Hill responded that he would be right back. *Id.* At around 9:45 a.m., Winston grabbed a lit piece of paper to smoke and plaintiff grabbed the paper and threw it in the toilet. *Id.* Plaintiff then wrapped a piece of cloth around Winston's neck and began choking him. SUF 8. Hill responded to the noise and Winston was removed from the cell. SUF 8-9. Winston had been in the cell for fewer than 24 hours when plaintiff attacked him. SUF 7-9. Hill issued a Rules Violation Report

---

undisputed facts with citations to evidence, as required by Local Rule 260(b). *See* E.D. Cal. L.R. 260(b) ("Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, *including* with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial" (emphasis added)). Therefore, unless a statement of defendants' undisputed facts is not supported by the record or is contradicted by an allegation in plaintiff's verified complaint based on plaintiff's personal knowledge, it remains undisputed.

[3] The summary of facts in defendants' memorandum of points and authorities contains numerous "statements of fact" that are not supported by any citation to evidence. Because plaintiff does not dispute these unsupported statements, and because the statements are not necessary for resolution of defendants' motion, the court includes them here solely for the purpose of providing context for plaintiff's claims. The court will cite to defendants' memorandum of points and authorities as the source of support for these statements.

1  charging plaintiff with attempted murder.  Defs.' MSJ, Decl. of C. Hill in Supp. Thereof, ¶ 7, Ex.
2  A (March 15, 2005 Rules Violation Report, Log No. S2-05-03-0318).

3      Defendant Sandy did not know that Winston was smoking on March 14-15, 2005, while
4  housed with plaintiff.  Defs.' MSJ, Decl. of E. Sandy in Supp. Thereof ¶ 7.  Sandy also did not
5  know that plaintiff had any existing medical condition, nor did Sandy have access to plaintiff's
6  confidential medical records.  SUF 10, 11.

7      On April 18, 2005, defendant Lozano conducted a rules violation hearing on the
8  attempted murder charge against plaintiff.  SUF 16.   Plaintiff initially requested that Hill be
9  present during the hearing.  SUF 17.  However, on the day of the hearing, plaintiff rescinded his
10 request to have Hill present.  SUF 18.  The evidence and testimony received at the hearing
11 included Hill's March 15, 2005 Rules Violation Report, a Confidential Disclosure Form, and
12 Correctional Officer Ponce's investigative report and interview of plaintiff.  Defs.' MSJ, Decl. of
13 J.D. Lozano in Supp. Thereof ("Lozano Decl.") ¶ 6, Ex. A.  According to the investigative
14 report, plaintiff confirmed that Hill's Rules Violation Report was accurate, and made certain
15 admissions to choking Winston.  SUF 19.  Based on all of the evidence, Lozano found plaintiff
16 guilty of attempted murder and assessed a 360 day loss of good time credits.  *Id.*  The attempted
17 murder charge was later reduced to the lesser included offense of assault with the likelihood of
18 causing great bodily injury.  Defs.' P. & A. at 3; *see also* Compl. ¶¶ 7-8.

19 **III.   Discussion**

20     Defendants Hill, Sandy and Lozano move for summary judgment on plaintiff's claims,
21 arguing that they did not violate plaintiff's constitutional rights, and they are entitled to qualified
22 immunity.  As explained below, the court finds that these defendants have met their initial
23 burden of establishing the absence of a genuine dispute of material fact and that plaintiff has
24 failed to raise a triable issue in opposition.  The court finds further that plaintiff's due process
25 claim against defendant Ballesteros should be dismissed for failure to state a claim on which
26 relief may be granted.  Accordingly, the court will recommend that judgment be entered in

7

1  defendants' favor and need not address the issue of qualified immunity.

    **A.     Eighth Amendment Claim Against Defendants Hill and Sandy**

    Plaintiff alleges defendants Hill and Sandy exposed him to nicotine and second-hand smoke by housing him with Winston, a chain-smoker, despite plaintiff's documented allergy to smoke. Compl. ¶¶ 2, 3. According to the allegations in the complaint, the exposure resulted in plaintiff suffering a heart attack and required triple bypass surgery. *Id.* ¶ 1.

    A prison official violates the Eighth Amendment's proscription of cruel and unusual punishment where he or she deprives a prisoner of the minimal civilized measure of life's necessities with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "An official's deliberate indifference to a substantial risk of serious harm to an inmate - including the deprivation of a serious medical need - violates the Eighth Amendment." *Conn v. City of Reno*, 572 F.3d 1047, 1054-55 (9th Cir. 2009). To succeed on such a claim, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Id.* at 1055 (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat plaintiff's condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Conn*, 572 F.3d at 1055. An officer has been deliberately indifferent if he was actually aware of the plaintiff's serious medical need and did not reasonably respond to the risk. *Id.* at 1056; *Farmer*, 511 U.S. at 828, 844-45. In the absence of facts demonstrating that the plaintiff was harmed, there can be no showing of deliberate indifference. *See Jett*, 439 F.3d at 1096 (defendant's actions must cause harm to rise to the level of deliberate indifference).

    Defendants Hill and Sandy contend they are entitled to summary judgment on plaintiff's deliberate indifference claim because there is no evidence that plaintiff's housing with Winston for fewer than 24 hours caused plaintiff any injury. Defs.' P. & A. at 5. Plaintiff submits no evidence to rebut this contention. In his unsworn opposition, plaintiff makes the broad statement

8

that secondhand smoke can be deadly, but he does not claim to have personally suffered any injury because of his brief exposure to secondhand smoke. *See* Opp'n ¶ 11. While plaintiff alleged in his complaint that Winston's smoking caused him to suffer a heart attack and undergo surgery, plaintiff admitted in his deposition that no physician ever informed him that his exposure to Winston resulted in a need for heart surgery. Compl. ¶ 2; Defs.' MSJ, Decl. of R. Price in Supp. Thereof, Ex. B (Deposition Transcript) at 125:10-16. In his opposition, plaintiff claims to have suffered a heart attack in 1997 because he had shared a cell with a smoker. Opp'n ¶ 5. Again, plaintiff presents no medical evidence to support this claim. However, even assuming his assertion is true, it would not necessarily follow that plaintiff later suffered a heart attack because he shared a cell with Winston, also a smoker. There is simply no competent medical evidence to support the allegation and certainly no evidence upon which a jury could rely to fender a verdict in favor of plaintiff on the question. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 252 (to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented.") Plaintiff's assertions regarding the cause of his alleged heart attack and bypass surgery are entirely speculative, and there is no genuine issue of material fact that defendants Hill or Sandy caused plaintiff to suffer the harm he alleges. Accordingly, the court finds an absence of a genuine dispute regarding whether defendants Hill or Sandy caused plaintiff any harm, and recommends that their motion for summary judgment be granted as to this claim. *See Atterbury v. Foulk*, No. C 07-6256 MHP, 2010 U.S. Dist. LEXIS 15579, at *20-21 (N.D. Cal. Feb. 23, 2010) (granting defendants' motion for summary judgment where there was no evidence that plaintiff suffered any injury attributable to defendants' acts or omissions); *Westerfield v. Penner*, No. CIV S-02-2621 MCE GGH P, 2006 U.S. Dist. LEXIS 36049, *30 (E.D. Cal. Feb. 3, 2006), *adopted by* 2006 U.S. Dist. LEXIS 14159 (E.D. Cal. Mar. 30, 2006) ("The court is bound to recommend summary judgment in favor of defendant . . . because plaintiff is unable to meet his burden to show that any treatment, or lack thereof, that he received from . . . defendant

9

caused him harm.").

### B. Due Process Claim Against Defendant Lozano

Plaintiff alleges defendant Lozano deprived him of due process at his disciplinary hearing. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* In a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff*, 418 U.S. at 563-67). Due process does not require that the inmate have access to confidential, irrelevant, or unnecessary information, and confrontation, cross-examination, and counsel are not generally required. *Id.* at 566-70; *Zimmerlee v. Keeney*, 831 F.2d 183, 187 n.2 (9th Cir. 1987) (per curiam), *cert. denied*, 487 U.S. 1207 (1988). As discussed below, there is no dispute that plaintiff received all process that was due and that some evidence supported the disciplinary finding. *See Wolff*, 418 U.S. at 563-67; *Superintendent*, 472 U.S. at 455.

Plaintiff does not allege that he was denied advanced written notice of the disciplinary charges or a written statement of the evidence relied on and the reasons for the disciplinary action. *See* Compl. Rather, plaintiff alleges Lozano precluded him from presenting defendant Hill and inmate Winston as witnesses, and from cross-examining an inmate witness who had been deemed a confidential source by defendant Ballesteros. Compl. ¶ 5; Opp'n ¶¶ 13, 18. Plaintiff also alleges that after the district attorney's office declined to prosecute him for attempted murder, prison officials reduced the attempted murder charge and corresponding

10

finding of guilt to a lesser included charge, without providing plaintiff a new hearing. Compl. ¶¶ 7-8; *see also* Lozano Decl., Ex. A (July 2005 note stating "in the interest of justice," the attempted murder charge is "reduced to battery on an inmate with a weapon").

The record reflects that plaintiff was not denied the opportunity to call defendant Hill or inmate Winston as witnesses at his rules violation hearing. Defendants submit evidence that plaintiff initially requested that Hill be present at the hearing, but later withdrew that request. SUF 17, 18. Plaintiff states in his opposition that he disputes this fact, and claims he can produce two witnesses who never heard plaintiff rescind his request that Hill attend the hearing. Opp'n ¶¶ 13, 14, 17. However, plaintiff produces no such evidence with his unsworn opposition to defendants' motion and the assertions made therein are insufficient to create a genuine issue of material fact. Defendants also submit evidence that plaintiff never requested any inmate witnesses be present at the hearing. Lozano Decl., Ex. A (Investigative Report). In his opposition, plaintiff does not contend he requested that inmate Winston attend the hearing. *See* Opp'n ¶ 17 (implying that Hill was his "one requested witness"). Because plaintiff did not request that Winston be called as a witness, Winston's absence from the hearing did not deprive plaintiff of due process.[4]

Moreover, there is no evidence that Lozano prevented plaintiff from cross-examining the confidential inmate witness. Plaintiff submits no evidence showing he asked to cross-examine the confidential source, or that Lozano denied the request. Even had plaintiff submitted such evidence, Lozano's denial of plaintiff's request to cross-examine the confidential source would not have violated plaintiff's right to due process. *See Wolff*, 418 U.S. at 568 ("[I]t does not appear that confrontation and cross-examination are generally required in this context . . . [as]

---

[4] It appears that plaintiff did request that Correctional Officer Ponce interview Winston as part of the investigative report in advance of the hearing, and that Correctional Officer Ponce conducted that interview as requested. *See* Lozano Decl., Ex. A (Investigative Report - Interview of Witness(es) & Additional Information by I.E.) (noting that investigating officer interviewed all parties that plaintiff requested, including inmate Winston).

11

adequate bases for decision in prison disciplinary cases can be arrived at without cross-examination"); *Zimmerlee*, 831 F.2d at 187 n.2 ("Confrontation and cross examination are not generally required and are left to the sound discretion of the prison official." (citing *Ponte v. Real*, 471 U.S. 491, 595-96 (1985)); *Baxter v. Palmigiano*, 425 U.S. 308, 322, n.5 (1976) ("[W]e have held that there is no general right to confront and cross-examine adverse witnesses . . . .").

There is no dispute that the determination of guilt as to the attempted murder charge was supported by "some evidence" and that reducing the attempted murder charge to a lesser included offense did not violate plaintiff's due process rights. The documentation of the disciplinary hearing proceedings reflects that Lozano relied on information obtained from a confidential source that plaintiff choked inmate Winston "with a piece of torn sheet in retaliation to Inmate Winston's smoking in the cell." Lozano Decl., Ex. A (Findings - Part H). The confidential information was deemed reliable because non-confidential sources had provided the same information as the confidential source, and part of the information obtained by the confidential sources was proven true. *Id.* (Evidence Presented at Hearing - Confidential Information). In finding plaintiff guilty, Lozano did not rely solely on the information provided by the confidential source. Lozano also based his guilty finding on plaintiff's admissions, Hill's Rules Violation Report, and Correctional Officer Ponce's Investigative Report. *Id.* (Findings). Prior to the hearing, plaintiff admitted to putting Winston in a headlock, pulling a "wave cap" over Winston's head and across his neck, and trying to lift Winston off of the ground. *Id.* (Findings - Part D & Note; Investigative Report - Interview of Inmate Defendant). At the hearing, plaintiff stated that he understood that putting an item around someone's neck could result in death. *Id.* (Findings - Part E). Plaintiff also confirmed that Hill's Rules Violation Report was accurate, contending only that Hill's "assumption" of what he saw was incorrect. *Id.* (Findings - Part A; Investigative Report - Interview of Inmate Defendant). Defendants contend that the attempted murder charge was properly reduced to a lesser included serious rule violation pursuant to California Code of Regulations, Title 15, section 3315(f)(3). Defs' P. & A. at 7; *see*

1    *also* Cal. Code Regs. tit. 15, § 3315(f)(3) ("Upon completion of the fact-finding portion of the

2    disciplinary hearing, the inmate may be found [g]uilty as charged or guilty of an included serious

3    rule violation . . . ."). Plaintiff provides no basis from which a reasonable jury could find that the

4    decision to reduce the attempted murder charge to a lesser included offense pursuant to section

5    3315(f)(3) violated his due process rights. Accordingly, the court finds an absence of a genuine

6    dispute regarding whether defendant Lozano violated plaintiff's due process rights, and will

7    recommend that the motion for summary judgment be granted as to this claim. *Anderson v.*

8    *Liberty Lobby, Inc*., 477 U.S. at 248, 252

9           **C.      Due Process Claim Against Defendant Ballesteros**

10          Defendant Ballesteros did not join in the motion for summary judgment, despite

11   recognizing that plaintiff alleged a due process claim against him. *See* Dckt. No. 25 at 2. Under

12   28 U.S.C. § 1915(e)(2)(B)(ii) "the court shall dismiss the case at any time if the court determines

13   that . . . the action or appeal . . . fails to state a claim on which relief may be granted." Plaintiff

14   alleged in his complaint that Ballesteros entered false information in plaintiff's confidential file

15   that was used against plaintiff in the disciplinary proceedings and that Ballesteros also classified

16   an inmate witness as a reliable source, rendering the inmate witness inaccessible to cross-

17   examination by plaintiff. Compl. ¶ 4. The court has found that the disciplinary finding was

18   supported by some evidence and plaintiff's inability to cross-examine the confidential witness

19   did not violate his right to due process. The court will therefore recommend that plaintiff's

20   claim against Ballesteros be dismissed for failure to state a claim on which relief may be granted

21   because the record reflects that plaintiff received all the process he was due.

22   **IV.    Conclusion**

23          The court finds that defendants Hill, Sandy and Lozano have shown there is no genuine

24   dispute for trial, and that the claim against defendant Ballesteros should be dismissed pursuant to

25   28 U.S.C. § 1915(e)(2)(B)(ii).

26   ////

Accordingly, it is hereby RECOMMENDED that:

1. Defendants Hill, Lozano, and Sandy's January 13, 2011 motion for summary judgment be granted;

2. Plaintiff's Fourteenth Amendment due process claim against defendant Ballesteros be dismissed for failure to state a claim on which relief may be granted;

3. Judgment be entered in defendants' favor; and

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:   August 30, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE